Hon. William D. Bavoso Corporation Counsel, Port Jervis
This is in response to your letter requesting an opinion of the Attorney General as to the efficacy of a local law, enacted by the City of Port Jervis in 1975, which amended Article II, section 10 of the Charter of the City of Port Jervis and provides in part:
 "* * * except that as otherwise provided for in this Charter, if a vacancy shall occur in any elected office of the City, the Common Council shall appoint a person to fill such vacancy for the balance of the unexpired term. Such appointment shall be made by a majority vote of those Council members present at either the regular or special meeting during which such business is transacted." (Emphasis supplied.)
You state that a City Councilman, elected to a two-year term which commenced on January 1, 1978 and terminates on December 31, 1979, has resigned effective May 1, 1978.
New York State Constitution, Article XIII, § 3, provides:
 "The legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."
Section 4, contained in said Article XIII, further provides:
 "The political year and legislative term shall begin on the first day of January * * *."
Public Officers Law, § 30, provides in part:
 "1. Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof:
* * *
"b. His resignation."
Public Officers Law, § 42(1), provides:
 "1. A vacancy occurring before September twentieth of any year in any office authorized to be filled at a general election, except in the offices of governor or lieutenant-governor, shall be filled at the general election held next thereafter, unless otherwise provided by the constitution, or unless previously filled at a special election."
New York State Constitution, Article IX, § 2(c)(1), provides:
 "(c) In addition to powers granted in the statute of local governments or any other law * * * (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
 "(1) The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees, except that cities and towns shall not have such power with respect to members of the legislative body of the county in their capacities as county officers."
Municipal Home Rule Law, § 10(1)(a)(1), implements the constitutional provisions.
Public Officers Law, § 42(1), is a general law as it relates to the City of Port Jervis since in terms and in effect it applies to all cities (New York State Constitution, Article IX, § 3[d][1]; Municipal Home Rule Law, § 2[5]).
From all of the foregoing, we conclude that Public Officers Law, §42(1), is a general law and may not be amended by an inconsistent local law. Accordingly, where a City Councilman of the City of Port Jervis was elected at the general election in November of 1977 for a two-year term commencing on January 1, 1978 and terminating on December 31, 1979, but resigned his office effective as of May 1, 1978, such resignation created a vacancy in said office which must be filled at the general election in November of 1978 for the remainder of said Councilman's term. The person appointed in 1978 to fill such vacancy may hold such office only until January 1, 1979.
We also call to your attention that the wording in the 1975 local law, "Such appointment shall be made by a majority vote of those Council members present * * *" is inconsistent with provisions found in General Construction Law, § 41. See Matter of Smithtown v Howell,31 N.Y.2d 365, 376-377 (1972).